UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JULIA SMITH,<br><br>   Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br><br>   Defendant. | No. EDCV 08-382 AGR<br><br>MEMORANDUM OPINION AND ORDER |

  Plaintiff Julia Smith ("Smith") filed a Complaint on March 26, 2008. Pursuant to 28 U.S.C. § 636(c), the parties filed Consents to proceed before Magistrate Judge Rosenberg on April 14 and May 2, 2008. (Dkt. Nos. 8-9.) The parties filed a Joint Stipulation ("JS") on November 28, 2008, that addresses the disputed issues in the case. The Commissioner filed the certified administrative record. The Court has taken the Joint Stipulation under submission without oral argument.

  Having reviewed the entire file, the Court remands for further proceedings consistent with this opinion.

///

///

///

## I.

## PROCEDURAL BACKGROUND

On December 14, 2005, Smith filed an application for disability insurance benefits and supplemental security income. A.R. 8, 101. The applications were denied initially and upon reconsideration. A.R. 50-56. Smith requested a hearing. A.R. 73. On October 24, 2007, the Administrative Law Judge ("ALJ") conducted a hearing at which Smith and a vocational expert testified. A.R. 17-36. On November 27, 2007, the ALJ issued a decision denying benefits. A.R. 6-16. Smith filed a Request for Review of the ALJ decision. A.R. 37. On February 19, 2008, the Appeals Council denied the request for review. A.R. 2-5. This lawsuit followed.

## II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, "substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner. *Moncada*, 60 F.3d at 523.

///

///

///

# III.

# EVALUATION OF DISABILITY

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

## B. ALJ's Findings

The ALJ stated that in February 2002, Smith was found disabled effective May 1, 2000. A.R. 8. Smith's disability was found to have ceased in a hearing decision issued August 25, 2005. *Id.* The Appeals Council denied Smith's request for review on December 3, 2005, and Smith did not file a complaint in district court. *Id.* The ALJ found no cause to reopen that decision. *Id.*

The ALJ found that Smith has a severe combination of impairments: "Cervicodorsal spondylosis, degenerative changes in the left shoulder, bilateral carpal tunnel syndrome, and depressive and anxiety disorders, not otherwise specified." A.R. 10-11. Smith has the residual functional capacity to "perform light work as found in the decision issued August [26], 2005." A.R. 12, 45. Although unable to perform her past relevant work, the ALJ found that "there are jobs that exist in significant numbers in the national economy that the claimant can perform as found in the August 26, 2005 decision." A.R. 15.

## C. Hypothetical to Vocational Expert

The ALJ may rely on testimony a vocational expert (VE) gives in response to a hypothetical that contains "all of the limitations that the ALJ found credible and supported by substantial evidence in the record." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005). The ALJ is not required to include limitations that are not in his

1 findings. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). On the other hand, "[i]f a vocational expert's hypothetical does not reflect all the claimant's limitations, then the 'expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy.'" *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993) (citation omitted).

Smith argues that the ALJ's hypothetical to the VE in this matter omitted one aspect of the residual functional capacity finding in the August 26, 2005 decision, namely, the statement that Smith "can do work that is non-complex and non-detailed." *Compare* A.R. 44-45 *with* A.R. 30-31.

The Commissioner argues that the ALJ's hypothetical contains no error because he found no mental limitations. JS at 8. The ALJ stated that Smith continued to have the RFC to perform light work "as found in the decision issued August [26], 2005." A.R. 12, 45. The August 26, 2005 decision had an RFC that stated: "The claimant can do work that is non-complex and non-detailed." A.R. 45.

Because the ALJ's decision is ambiguous, this matter must be remanded so that the ALJ can clear up the confusion as to whether Smith's residual functional capacity contains any mental limitations.

To the extent that the ALJ finds a mental limitation on remand, the ALJ may wish to consider Smith's argument that the jobs identified in the ALJ's decision are outside her RFC. The ALJ found that Smith "is still able to perform the jobs identified in the decision issued August [26], 2005." A.R. 15, 45. The ALJ also found, based on the VE's testimony, that Smith "would be able to perform the requirements of representative occupations such as counter clerk, storage rental clerk, and ticket taker and that there are over 10,000 such unskilled light work jobs in the local economy and over 63,000 in the national economy." *Id.*

Smith argues that she would be incapable of performing the jobs of storage rental clerk and ticket taker given a RFC limited to "non-complex and non-detailed work." JS

at 9, 12.  This is because the job of storage rental clerk requires reasoning level 3, defined in the DOT as the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form.  Deal with problems involving several concrete variables in or from standardized situations."  JS at 10.  The job of ticket taker requires reasoning level 2, defined as the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions.  Deal with problems involving a few concrete variables in or from standardized situations."[1]  JS at 11.  Reasoning level 1 is defined as the ability to "[a]pply commonsense understanding to carry out simple one- or two-step instructions.  Deal with standardized situations with occasional or no variables in or from these situations encountered on the job."  *Id.*  The question Smith raises is whether a limitation to "non-complex and non-detailed work" is consistent with reasoning level 2, which requires an ability to "carry out detailed but uninvolved written or oral instructions."

The court notes that the August 26, 2005 decision also found Smith capable of performing "thousands of other sedentary and light exertional jobs."  A.R. 45.  The record is not sufficient for this court to determine the existence of sedentary and light exertional jobs at reasoning level 1 (assuming that the ALJ meant to restrict Smith to that reasoning level, which is not clear on this record).

Accordingly, this matter must be remanded.

///
///
///
///
///

---

[1] Although Smith does not specifically mention the job of counter clerk, the DOT also describes counter clerk as requiring reasoning level 2.  (DOT 249.366-010.)

## IV.

## **CONCLUSION**

IT IS HEREBY ORDERED that the matter is remanded at Step Five for proceedings consistent with this opinion.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: March 30, 2009

_____
ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE